GEORGE BAKER AND JACOB SICKENGOR *v.* MARY BECKWITH.

A civil action under the seventh section, as amended April 18, 1870 (67 Ohio L., 101), of the act entitled "an act to provide against the evils resulting from the sale of intoxicating liquors in the State of Ohio," passed May 1, 1854, is authorized only where the sale or giving away is unlawful.

RESERVED in the District Court of Richland County

The defendant in error, Mary Beckwith, brought an action before a justice of the peace against the plaintiffs in error, under the seventh section, as amended April 18, 1870 (67 Ohio L., 101), of the act entitled "an act to provide against the evils resulting from the sale of intoxicating liquors in the State of Ohio" (2 S. & C. 1431). An appeal was taken from the judgment rendered by the justice, to the common pleas, and there the plaintiff below filed her petition, alleging therein that she was the wife of John Beckwith, and that on or about the 25th day of October, 1870, the defendants below sold and delivered to the said John Beckwith intoxicating liquors, whereby he became

intoxicated, and while so intoxicated and by reason thereof that he inflicted an injury upon her person. She also alleged that she was, in consequence of such intoxication, injured in her means of support, stating the particulars of such injury. The petition did not state facts showing the sale to be unlawful, in the sense of violating any of the criminal provisions of the statute. A demurrer was, by the defendant, interposed to the petition, upon the alleged ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the court, issue was joined by answer, a trial had, and judgment rendered for the plaintiff. During the progress of the trial a. bill of exceptions was allowed, signed, and sealed. A petition in error was filed in the district court to reverse the judgment of the court of common pleas, and by the district court reserved for decision in this court.

*M. May,* for plaintiff in error. .
*McBride & Burns,* for defendant in error.

BOYNTON, J. Several errors are assigned as grounds for the reversal of the judgment of the court of common pleas. We find it necessary to consider but one. The demurrer to the petition involved the question of the sufficiency of the facts stated to warrant a recovery in the action. It does not appear from the facts stated in the petition that the sale of the intoxicating liquors causing the intoxication resulting in the injury to the defendant, involved a violation of any of the criminal provisions of the statute providing against the evils resulting from the sale of intoxicating liquors (2 S. & C. 1431), nor of any other statute treating of the same subject-matter, and subsequently passed by the legislature. We are, therefore, called upon to determine whether a sale of intoxicating liquors, producing intoxication, by reason of which an injury to person, property, or means of support, results to some person of the classes mentioned in section seven, as amended April 18, 1870 (67 Ohio L. 102), of the act first above mentioned, authorizes a.

recovery of the damages provided for by that section, with-
out respect to the illegal character of the sale. I speak of
the illegal character of the sale, in the sense of its being or
amounting to a criminal offense under the statute. The
original section provided that "every wife, child, parent,
guardian, employer, or other person who shall be injured in
person, or property, or means of support by any intoxicated
person, or in consequence of the intoxication, habitual or
otherwise, of any person, such wife, child, parent, guardian,
employer, or other person shall have a right of action in his
or her own name, against any person who shall, by selling
intoxicating liquors contrary to this act, have caused the in-
toxication of such person."

The section, as amended, omits the words "contrary to
this act," and confers the right of action "severally or
jointly against any person or persons who shall, by selling
or giving intoxicating liquors, have caused the intoxication,
in whole or in part, of such person or persons." It is con-
tended by the defendant that the change in the phraseology
of the two sections evinces an intention upon the part of
the legislature to change the meaning and effect of the
statute, and to enlarge the grounds of liability in the re-
spect of creating and giving a right of action for an injury
of the kind made actionable by the statute, caused by a
sale of intoxicating liquors not criminal in itself. A care-
ful consideration of the language of this section in connec-
tion with the other sections of the same act, and with the
provisions of other acts passed subsequently to the original
act of 1854, and having a like purpose and object, to pro-
vide against the evils resulting from the sale and use of in-
toxicating liquors, will show that the omission of the words
"contrary to this act," is in entire harmony with an inten-
tion still to require the sale or the giving away to be un-
lawful. Had these words been retained in the section as
amended, the civil liability resulting from the unlawful sale
would have been limited to sales in violation of the original
act. Contrary to *this* act is the omitted language; and the
act referred to is the act of 1854 as amended. A violation

of any other act by an unlawful sale, resulting in intoxication, and a consequent injury to person, property, or means of support, would have created no civil liability nor given any right of action for such injury. The same words were dropped from section 10, amended at the same time; and yet no one claims that the owner of the premises can be made liable unless the sale is unlawful. The act of March 10, 1864 (S. & S. 344), provides "that it shall be unlawful for any person within this state to sell, barter, or give away any spirituous, vinous, or malt liquors on the day of any election held within this state under the constitution or laws thereof." This act is entirely independent of the original act, and not only prohibits, in terms, a giving away of intoxicating liquors on that day, but makes a sale upon that day of any kind of intoxicating liquors unlawful, while the act of 1854 is much less general in its prohibitions in respect to the liquors that may be sold. Again, the supplementary act of April 5, 1866 (S. & S. 748), supplied a serious defect in the original act by making it unlawful for any person to buy for, or furnish to, any intoxicated person, or person in the habit of getting intoxicated, or to any minor to be drank by such minor, any intoxicating liquors whatsoever, unless given by a physician in the regular line of his practice. The original act only makes it unlawful to sell to the classes of persons mentioned in the supplementary act of 1866. The giving away of intoxicating liquors was attended with complete immunity from punishment, and was a fruitful source of intoxication. Had the words " contrary to this act" been retained in the seventh section as amended, no civil liability now clearly included and existing, would have attached to a violation of the provisions of the act of 1864, or the act of 1866. The original act does not make it unlawful to give away intoxicating liquors, unless it is done with intent to evade the provisions of the act; and in such case, such giving is declared to be an unlawful selling within the provisions of the act. Enough has been said to show that the failure to incorporate the words " contrary to this act" in

the provision amended, can not have the effect contended for by counsel for the defendant. But there are other reasons to be briefly stated, tending to show that the legislature intended to create a civil liability, only where the ·sale was criminal in character.

The statute declaring the civil liability of the seller, also declares " and the owner of, lessee, or person or persons renting or leasing any building or premises, having knowl- ·edge that intoxicating liquors are to be sold therein, in violation of law, or having leased the same for other pur- poses, shall knowingly permit intoxicating liquors to be *so* sold, in such building, or premises, that have caused the intoxication, in whole or in part, of such person or persons, shall be liable severally or jointly, with the person or per- sons selling or giving intoxicating liquors aforesaid, . . . and the unlawful sale or giving away of intoxicating liquors, shall work a forfeiture of all rights of the lessee or tenant, under any lease or contract of rent upon premises where such unlawful sale or giving away shall take place." The word unlawful, as here used, qualifies and limits both the word " sale " and the words " giving away ; " for it will hardly be claimed that the legislature would require an unlawful sale, as a condition to the right of forfeiture, and still confer the right, where there had been a mere giving away ; and here two things are made indispensably pre- requisite to such liability for the injury resulting from the sale.

In the first place, he must have leased the premises with knowledge that intoxicating liquors were to be sold therein in violation of law ; or, in the second place, where, having leased the premises for other purposes, and having acquired knowledge that intoxicating liquors are being sold therein, in violation of law, he must permit it, by not availing him- self of the right, given by the statute, to forfeit the lease. In either of these cases, he is liable to a several action, and also, to a joint action, and joint judgment with the seller. But unless one of these grounds exists, he is not liable, ·either severally or jointly, for such unlawful sale. His lia-

bility rests on his participation in a sale or a giving away, made in violation of law, by furnishing the seller with the building or premises in which to conduct and carry on his unlawful business. Now, while the language of section 7 is not to be commended for its clearness and perspicuity, we do not think the legislature intended to create a joint liability, and provide for a joint action against the seller and the owner of the premises, in cases where the sales were in violation of law, and a several liability of the seller, where the sales were not unlawful. The seller may be liable in cases where the owner of the premises is not; this, however, would not arise from a sale involving no violation of the penal provisions of the statute, but would arise where the sale was unlawful as to the seller, and not unlawful as to the owner of the premises, for want of that connection therewith necessary to effect his liability. At common law, it was lawful to sell or give away intoxicating liquors, and still continues so, except to the extent that the sale, or giving away, has been prohibited by the statute. In so far as the right to sell or give away intoxicating liquors has been inhibited by the statute, in so far the common law right has been taken away. In other words, a person may lawfully do what the law does not prohibit; and to the extent that it does prohibit, he becomes liable for its violation.

If the mere act of selling or giving away intoxicating liquors, renders the seller liable for all consequences resulting from intoxication produced by the liquors so sold or given away, then intoxicating liquors sold for medicinal or mechanical purposes, and diverted from their intended use, might subject the seller to heavy damages for an act not intended to evade or violate the provisions of the statute. Such a construction of the statute would require the seller to become bound for the good behavior of the buyer, and make him a guarantor that the liquors sold should not cause intoxication, in whole or in part, from which an injury would result. But where the sale or giving away is in violation of law, whether of the act of 1854, or of acts subsequently

passed, and such sale or giving away causes intoxication, in whole or in part, from which, or in consequence of which, an injury in person, property, or means of support results to one of the persons named in the 7th section of the statute, the seller is liable; and he would be liable, although the intoxicating liquors so unlawfully sold by him, were insufficient in quantity to produce intoxication, if, with other intoxicating liquors, they, in fact, caused the intoxication from which the injury arose. The inhibited act is a tort, and, as at common law, the wrongdoer is liable for the whole injury.

One who unlawfully sells intoxicating liquors, causing intoxication in part, is none the less liable because the liquor sold by others, which, with those sold by him, and which together effected complete intoxication, were not unlawfully sold. His act being unlawful, it is irrelevant upon the question of his liability, whether some one else is also liable or not. It follows that the judgment of the court of common pleas must be reversed, the demurrer to the petition sustained, and the cause remanded for further proceedings.

*Judgment accordingly.*