(Superior Court of Cincinnati—*General Term.*)

WILLIAM GOODALL *v.* THE GERKE BREWING COMPANY, a Corporation.

---

Leases of premises to be used for the sale of intoxicating liquors, and leases of premises which are permitted by the lessor to be so used, are void, under section 4364, Revised Statutes, whether the sale of such liquors on the premises be lawful or unlawful.

(Decided April, 1895.)

---

SAYLER, J.

The plaintiff avers in his petition that he is the owner of certain premises, situated on the north-east corner of Ninth and Central avenues in the city of Cincinnati; that by an indenture of lease, he demised the premises to the defendant, for the term of ten years, beginning June 1, 1890, at a stipulated rent therein expressed, and payable monthly; that the lease, among other things, provided as follows: "It is further agreed between the lessor and the lessee, that said lessor shall never, during the continuance of this lease, rent, lease or permit in any portion of the premises owned by him, at the north-east corner of Ninth and Central avenue, any saloon or bar, for the sale of any spirituous, vinous, or malt liquors, except the part herein demised to the said Gerke Brewing Company, it being agreed that the said Gerke Brewing Company shall have the exclusive right to keep and maintain a saloon or bar for the sale of spirituous, vinous, or malt liquors," in said premises; defendant entered into possession of said premises, and was and is possessed thereof, for the term aforesaid, and in a lawful manner continuously used the premises for the sale of intoxicating liquors; that the plaintiff has performed all the conditions on h is part to be performed; that an installment of rent for the month of November, 1894, has not been paid, and for which the plaintiff asks judgment.

The defendant filed a general demurrer to the petition.

The court at Special Term sustained the demurrer, and dismissed the petition, and error is now prosecuted to reverse such action of the court.

It is provided in section 4364, Revised Statutes, that "all contracts whereby any building or premises are rented or leased, and the same used or occupied, in whole or in part, for the sale of intoxicating liquors, shall be void, and the lessor shall, on and after selling or giving intoxicating liquors as aforesaid, be considered and held to be in possession of such building or premises."

It is claimed, on part of the plaintiff, that it is the unlawful sale of liquor which will avoid a lease under this section, and that as the sale of liquor, under the lease, set out in the petition, was a lawful sale, this provision of section 4364 does not apply.

Counsel for the plaintiff have submitted a very ingenious argument in support of their proposition, based on the construction given to section 7 of the act of 1852, (2 S. & C., 1431), as amended in 1870, (67 O. L. 101).

Section 7 of the act of 1852 gave a right of action to a wife, etc., who shall be injured by any intoxicated person, etc., "against any person who shall, by selling intoxicating liquors contrary to this act, have caused the

intoxication of such porson." By amendment of this section in 1870, (67 O. L. 101), the words, "contrary to this act," are eliminated, and the right of action is conferred "against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication," etc.

The Supreme Court held, in the case of *Baker* v. *Beckwith*, 29 Ohio St. 314, that the right of action, under this amended section, is' authorized only when the sale or giving away is unlawful. And counsel for plaintiff. claim that the same construction must be given to the language of section 4364.

But it seems to us, that our Supreme Court have held otherwise in *Muller* v. *Peck*, 49 Ohio St. 447.

In *Muller* v. *Peck*, an action was brought by Margaret Muller, under section 4357, against one Clemens, for injuries caused by the sale, by Clemens, of intoxicating liquors to her husband, and a judgment was recovered in her favor. The plaintiff thereupon brought her action against the Pecks, to subject the premises, in which the liquor was sold, to the payment of the judgment, under section 4364, on the ground that the owners of the premises knowingly permitted the premises to be used for the sale of intoxicating liquors. It appeared that one Caleb Peck, the owner of the property, leased the property to Clemens in 1880. The lease contained a provision that no liquor should be sold therein, contrary to law. Caleb Peck died in 1883, leaving the property to his wife, Rebecca J. Peck, for life, with remainder to their children, Alanson and Mary J. Peck; Clemens remained in the premises, with the consent of said Rebecca. The liquor was sold in 1885, during the term of the life-estate of Rebecca J. Peck.

Aside from the question of the constitutionality of section 4364, two questions arose:

1st. Was it necessary that the sale of liquor should be unlawful, in order that the premises might be subjected to the payment of the judgment.

2nd. If the premises could be subjected to the payment of the judgment, then what estate could be so subjected, whether the fee or the life-estate of the widow.

It was argued that before the premises could be subjected to the payment of the judgment, it must be shown that the sale of liquor was unlawful, and *Baker* v. *Beckwith*, *supra*, was cited, with other cases. But the court held otherwise, holding that "such action may be maintained if the premises were leased to be used for the sale of intoxicating liquor, or were permitted by the lessor to be so used."

It is contended, however, by counsel in the case at bar, that, in order to obtain a judgment under section 4357, against the vendor, Clemens, it was necessary to show that the sale was unlawful; the unlawfulness of the sale was thus fixed, and the court could proceed, under 4364, to subject the premises without a further showing; that, therefore, this holding of the Supreme Court sustains their claim. And we do not see how this construction can be put on the reasoning of the court, as they say that, in order to give the statute the effect contended for, it becomes necessary to add, by construction, a provision it does not contain, which the court was not at liberty to do, unless there is something in the context which justifies it, and the court, in discussing whether there is anything in the context which would justify it, say: "It is sufficient if the premises were leased to be used for the sale of intoxicating liquors, or were permitted by the lessor to be so used."

And when the court comes to determine what estate may be subjected to the payment of the judgment, it seems to us that they directly dispose of the proposition that the sale shall be an unlawful sale.

The court say: "The statute makes void the lease under which the

premises were occupied when the liquors were sold, and declares that the lessor shall thereafter be considered and held to be in possession. The effect of the statute was to restore the possession of the premises in question to Rebecca J. Peck—her life-estate was not terminated," and holds that only her estate in the property can be taken, and that the estate in remainder can not be taken.

While in determining whether the premises could be subjected under section 4364 to the payment of the judgment, taken under section 4357, the court may have considered the provisions of both sections. Yet, clearly, when the court came to determine what estate could be taken, it considered only the provisions of section 4364, and held that by the terms of that section, the lease was void; not because liquor was unlawfully sold to the husband of the plaintiff, but because the premises were used for the sale of intoxicating liquors.

We think this case determines the matter, and that the court below committed no error in sustaining the demurrer, and the judgment will be affirmed.

HUNT and SMITH, JJ., concur.

*Outcalt, Granger & Hunt*, for plaintiff.

*Kramer & Kramer, contra.*