King, J.
Henry Weitzel brought an action before a justice of the peace first, which was afterwards appealed to the court of common pleas, to recover one month’s rent from the defendant, for the occupation of certain premises mentioned in the petition. He avers that the defendants leased or rented of him certain premises which he describes, for occupation, from the first day of June, 1893, to the first day of June, 1894, and that they entered into the occupation, but failed to pay the rent for the month of July, and he brings an action to recover $125.00, the amount of the July rent.
The defendants, Slavin and McOonvelle,, answer, admitting the lease and the occupation of the premises during the month of June; aver that they paid the rent for a month, and when that time expired they surrendered the premises to the plaintiff; that he accepted the same and released them from any further obligation to pay the rent for the month of July. '
There was a reply to that answer, denying these allegations, and then the defendants obtained leave of court to file an amendment to their answer, in which amendment they set up what they term a second defense,and set forth therein that the lease of the premises referred to in the petition of the plaintiff to them, “was for the purpose and with the intent that the said premises should be used and occupied under the said lease for the sale of intoxicating liquors thereon during the continuance of said lease, and the said premises were so used and occupied by these defendants during all the time they possessed or occupied the same for the sale of intoxicaing liquors thereon.’’ And-.they “aver that by reason of the premises the said'cont'ract of lease was' and is altogether void and of no effect,- ip law.!’
A demurrer interposed to this defense, was submitted lo the court, and the court overrbl'é'd the demurrer, The plain *223 tiff therefore stated in court that he did not desire to plead further, and judgment was rendered for the defendants, and the plaintiff prosecutes this proceeding in error to reverse that judgment, and the claim is made on behalf of defendants, and in support of 'the judgment below, that a leasing of premises for the purpose of carrying on the business of traffic in intoxicating liquors, or with the knowledge that it was so used, is void, in Ohio, and that no rental can be collected thereon. And such was the holding of the court of common pleas.
We understand that the authority submitted to the court, and upon which the court below acted, (and we think it is the only authority, probably, that can be found upon that subject beside the statute), is a case reported in 1 Nisi Prius Reports, 284, and is a decision by the Superior Court of Cincinnati.
The character of the court and the learning and ability of the distinguished judge who delivered the opinion, have called for very careful consideration of the reasoning given in that opinion, and the ground of it, to determine whether that would meet with our endorsement, and we have come to the conclusion that it is not the law of Ohio, and for two reasons, which I will briefly state, .
The Superior Court of Cincinnati rely, for their decision, upon a case reported in 49 Ohio. St.,447, (Muller v. Peck), in which it was held in an-action brought upon what is known as the Adair Law, where a suit had been brought and a judgment recovered against a saloon keeper from the illegal and unlawful sale of intoxicating liquors, whereby damages had resulted to the plaintiff; that, in an action under a subsequent section of the act, to subject the premises in which the business was carried on to the payment of the judgment, it was not necessary to either allege or prove that the sales upon which the original judgment had been renderd were illegal, a conclusion which we think is well *224 supported by the statutes. The decision is one which we have had occasion to examine two or three times, and we see no difficulty with the reasoning of the Supreme Court in their decision of that case; but we do not think that case holds that the leases of premises for the purpose of carrying on traffic in inoxicating liquors are void. All that they did in that direction is to cite he statute, and I can read it as well from the opinion of the court as from the statute itself. Section 4357, Revised Satutes, gives an action to certain persons named therein, to recover damages for injury, to certain other persons sustaining a confidential relation to them, against a person who sells intoxicating liquors contrary to law, to any one of those persons named in that section, and it also provides that the same kind of an action may be brought and maintained jointly, or severally, against the owner of the premises in which the business is carried on and against the saloon keeper, or tenant, as well. Under that section it was held by the Supreme Court, in 29 Ohio St., 314, that it is necessary to aver and prove that the liquor sold which caused the injury complained of, were sold in violation of law. That is a well established doctrine in the state of Ohio. In order to recover a judgment direct against the owner of the property, or against the tenant wbo-made the sales, it is necessary to aver that the sales were illegally made. In 49 Ohio St., the case had been brought against a saloon-keeper, and that allegation had been made and a judgment had been rendered in that kind óf a case against a saloon-keeper because he had sold intoxicating liquors to the damage of plaintiff below, and in violation of law. Then, thinking they could not make the judgment by execution against the saloon-keeper, they brought an action under section 4364, which provides that:
“If a person rent or lease to another, any building or premises,” (This is section 10 of the Adair Law), in whole or in part, for the sale of intoxicating liquors, or- *225 permit the sam to be so used or occupied, in whole or in part, such building or premises so leased, used or occupied shall be held liable for and may be sold to pay all fines, costs and damages assessed against any person occupying the same.”
It will be seen that it may be sold to pay all fines, costs and damages assessed against any person occupying the same — that is, fines that,have been assessed upon a judgment in another action against the tenant. And the other action is an action provided for in section 4357, where it is necessary to allege and prove that the damages were caused by the illegal selling - of liquors. Having once procured a judgment upon that kind of a claim, then they may subject, under section 4364, the premises in which the business is carried on. “Proceedings may then be had to subject the same to the payment of any such fine, and costs assessed, or judgment recovered, or any part thereof, which remain unpaid, either before or after execution issues, against the property of the person against whom such fine and costs or judgment may have been adjudged or assessed; when execution issues against the property so leased or rented,” (recognizing that they may be leased or rented), “the officer shall proceed to satisfy the same out of the building or premises so leased or occupied; if such building or premises belong to a minor," etc. * * * “and all contracts,” (and this is the language relied upon by the Superior Court of Cincinnati), “ whereby any building or premises are rented or leased, and the same used or occupied, in whole or in part, for the sale of intoxicating liquors, shall be void, and the lessor shall, on and after selling, or giving, intoxicating liquors, as aforesaid, be considered and held to be in possession of such building or premises.”
That is the language as quoted in the opinion of the Cincinnati case. No force or effect is given to that part of the section which reads that “the lessor shall, on and after sel *226 ling or giving intoxicating liquors as aforesaid,” be held liable, To give proper construction to that section,it simply means that after a competent court, in a proper action, adjudged that liquors have been illegally sold, so as to subject the seller to the penalties provided in section 4357, or if in another case he may have been prosecuted criminally for violation of the provision of the statute which provided that he should not sell intoxicating liquors to minors, or to persons in the habit of becoming intoxicated, if he has been convicted, and fines and costs assessed against him for .making that kind of sales, then and in that case the lease shall be void and the lessor shall be considered to be in possession of the premises — clearly not before, because it says: “on and after selling or giving intoxicating liquors as aforesaid.” What are the sales of intoxicating liquors ‘‘as aforesaid?” It means those provided for in this act, and it will take every section of it to determine what they are. The Supreme Court says that the judgment which can be maintained must have been obtained in an original action for sales that have been illegally made.
Section 4.361 says:
“A married woman shall have the same right to bring suits and control the same and the amount recovered, as a feme sole; all damages recovered by a minor under this chapter shall be p'aid either to such minor or to his or her parent, guardian or next friend, as the court shall'direct; the unlawful sale or giving away of intoxicating liquors shall work a forfeiture of all rights of the lessee or tenant under any lease or contract of rent upon premises where such unlawful sale or giving away takes place; and all suits for damages under this chapter shall be by a civil action in any court having jurisdiction thereof.”
. Now, it is clear that if the premises were rented upon a lease that authorized the illegal sale, it would be void, ab initio, because no parties have power to contract to violate the law. If the lease were made without that provision in *227 it, and tbe lessee did violate the law of the state' to carry on an illegal business, that would be void against the tenant for carrying on the illegal business. The statute provides that execution may be levied directly upon the real estate and lands and the improvements thereon in which the business is carried on. If this lease were not rendered void by reason of a judgment, taken in a case wherein it was adjudicated that the tenant had been selling liquor contrary to law, he might set up his interest in his lease, and put off the sale. He might say: “I hold these premises under a lease,” and therefore prevent a sale; but the statute says that the lease, by reason of the fact that a judgment has been rendered against the tenant,, for the carrying on of an illegal business — for the selling of liquor contrary to law — is void and at an end, and it was to be considered that the lessor was then in possession of the premises, so that an execution could act directly upon his property, and it might be sold immediately, so far as any interest which the tenant might have under his lease.
We do not think that the courts have, anywhere in the state of Ohio, held that the business of traffic in intoxicating liquors is not a legal business. As long ago as the passage of the act of 1854, in the 3 Ohio St., 476, the Supreme Court, in considering the question whether the clause of the constitution which provides that ‘‘no license to traffic in intoxicating liquors shall be hereafter granted in this state, but the general assembly may by law provide against the evils resulting therefrom,” say, (p. 486):
‘‘Without deciding what, if any, authority over this sub-' ject can be derived from the general grant of legislative power in section 1 of article 2, of the constitution, we hold that the act before us is authorized by the express grant of power in section 18 of the schedule already quoted; for the law is not prohibitory, nor does it interfere in any degree, with any right of property. It belongs to that class of legislative acis commonly called ‘police laws,’ and is framed with a view to regulate, and not to destroy.”
*228 That is very apt language, delivered when that act was in all its force and effect, by the then Chief Justice of the court, Judge Thurman, and that act at that time provided that no sales of intoxicating liquors should be made to be drunk upon the premises where sold, save and except only ale, beer, and wine manufactured from the pure juice of the grape grown in this state, and cider; so that under that act nothing could be sold, to be drunk where sold, except those drinks, and all oth.ers were absolutely prohibited to be drunk where sold.
There are a great many cases in which the construction of this constitutional provision and of these acts of the legislature have come before the Supreme Court, but I will not take time to refer to all of them. In the case of Anderson v. Brewster, 44 Ohio St, 576, which is one of those arising under the present tax law, known as the Dow Law, at page 576, the court refer incidentally to the question of the liability of property. That was an action brought to enforce a lien for the Dow Law tax, and the court say:
“For over thirty years it has been the settled policy of this state to hold any building or premises, rented or leased to another to be used or occupied for the sale of intoxicating liquor, where it is contrary to law, is liable for all damages assessed against the seller thereof for violation of the law regulating such traffic
He refers to Swan & Critchfield, 1434, and says:
“And the premises may be sold to pay all costs, fines and damages assessed against any person occupying the same. This species of legislation, involving in liability both lessor and lessee for damages resulting from the business of the latter to third persons, has frequently come under judicial examination, without its constitutionality being seriously called into question, and may find cumulative sanction in the well recoguized police power granted to the general assembly in the schedule to the constitution.’’
F. M. Sola, for Plaintiff in Error.
J. M. Ritchie, for Defendants in Error.
And he cites several cases.
We have carefully looked into the decisions of the courts of this state, and we find everywhere recognition of the legality of this traffic in some form, and the duly regulating, controlling and limiting of it is also equally well settled; but so far as it is legal- — as to that portion of it which is legal* —-there can exist no reason in natural or fundamental law, why the owner of the property may not hold it and lease it for the purpose of carrying on that kind of legal business. It is only when his contract has been violated by one party to it, by the carrying on of an illegal business in contravention of law, that the contract between the.lessor and tenant is rendered void by the statute. It might well be rendered void by tho lessor entering into possession and ejecting the tenant, but in no case does the right exist until the illegal act has been committed. Under section 4364, the right does not exist until the illegal act has been committed and adjudicated upon, and found to be an illegal act. So that we are well satisfied that this defense, which merely sets up that this was a lease of these premises for the purpose of carrying on the business of selling intoxicating liquors, is not in and of itself a good defense to this action for rent, and therefore the judgment of the court of common pleas will be reversed, and the case will be remanded for such other proceedings as are required by law.