Minshall, J.
The question in the case is, whether a lease of premises to be used as a place for the sale of intoxicating liquors is void ; and no rent ca’n be recovered thereon, irrespective of the question whether illegal sales have been made. It is claimed for the defendant in error that such is the law, and in support of the claim counsel cite and rely on a clause in section 4364, Revised Statutes. The clause is as follows :
“All contracts, whereby any building or premises shall be rented, or leased, and the same shall be used or occupied in whole or in part for the sale of intoxicating liquors, shall be void; and the person or persons renting or leasing said building or premises, shall, on and after the selling or giving away of intoxicating liquors as aforesaid, be considered and held to be in possession of said building or premises.”
An impression derived from a cursory reading of this clause might seem to support the claim of the defendant; but when the context and all the language of the clause are taken and construed together, a different intention will, as we think, appear, and that is, that all contracts whereby any *259 premises are leased, shall become void when the same are used for the sale of intoxicating liquors contn'ary to law; and it does not mean that such contracts shall be rendered void by the lawful sale of intoxicating liquors thereon. It will be observed from the language of the clause, that the lessor is to be deemed in possession only ‘ ‘ on and after the selling and giving- away of intoxicating liquors, as aforesaidNow, we think it plain that the contract was not intended to become void, until the right of re-entry accrues to the lessor ; in other words, the contract is to become void and the right of re-entry is to accrue from the occurrence of one and the same fact — the sale of intoxicating- liquors “as aforesaid.” The very lang-uage implies that there are some sales that will not have the effect of giving to the lessor a right of re-entry, and consequently not affect the validity of the lease. What, then, are the sales referred to by the word “aforesaid?” The provision of this clause was first introduced by what is known as the Adair law, adopted in 1870 (67 Laws, 102). The law was an amendment of sections 7 and 10 of the liquor law of 1854 (S. & C., 1431); the clause being placed in section 10 of that act as amended by the Adair law. Referring, then, to the law of 1854, as amended by the Adair law, it is plain to be seen that the sales of intoxicating liquors there referred to by the term “as aforesaid,” are sales made contrary to law. These were the kind of sales the legislature had just defined and prohibited. Selling or giving intoxicating liquors to be drank on the premises; selling or giving it to persons drunk or in the habit of getting drunk, or to minors, had just been prohibited in the previous sections of the act. So that when all the lang-uage of the clause *260 is considered and taken in connection with the other provisions of the act of which it forms a part and to which it makes reference, its meaning is not doubtful. The general language is restrained to the sense in which it was used by the legislature in adopting the law. All sales of intoxicating liquors are not illegal, only such are so that are defined and prohibited ; and the sales to which reference is made in this clause, are such as have been defined and prohibited; and none but such sales affect in any way the validity of a contract of lease, or the right to recover rent thereon. To hold otherwise would impute to the legislature a great want of consistency. Neither a civil nor a criminal liability can with consistency be attached to the doing of a lawful act. If the liquor traffic be conducted in a lawful way — a way permitted by law— and such ways certainly exist, there can be no reason against the validity of contracts that have for their object simply the lawful conduct of the business. And so far as the petition in this case shows, no other than a lawful business was contemplated or carried on. To make no distinction between such contracts and such as have in view a violation of the law regulating the sale of intoxicating liquors would be wanting in wisdom. It would place a lawful and an unlawful business in the same category as to consequences ; and by not discriminating in favor of the one as against the other, make it a matter of indifference to parties whether they conform their contracts as well- as their conduct to the requirements of the law.
In Baker v. Beckwith, 29 Ohio St., 314, the question was presented, whether under section 7 of the act of 1854, as amended by the Adair law of 1870, a recovery of damages could be had for in *261 toxication caused in whole or in part by sales of the defendant, where the sales were not unlawful. It was claimed that such recovery could be had on the generality of the language used in the amendment, the phrase “contrary to this act” being omitted therefrom. But it was held otherwise, Boynton, J., in delivering the opinion, said: “A careful consideration of the language of this section (section 7), in connection with other sections of the same act, and with the provisions of other acts passed subsequently to the original act of 1854, and having- a like purpose and object, to provide against the evils resulting from the sale of intoxicating liquors, will show that the omission of the words ‘contrary to this act,’ is in entire harmony with an intention still to require the sale or giving away to be unlawful. ” There is no more useful or generally applied rule of construction than the one here employed in arriving at the sense of a statute. Sutherland Stat. Const., section 246, et seq. It was by this mode of reasoning that the court in Webster v. State, 43 Ohio St., 696, arrived at the construction that the words “Supreme Court” in section 7343, Revised Statutes, mean' the Circuit Court.. In Burgett v. Burgett, 1 Ohio, pt. 2,469, the general language of our statute of frauds and perjuries, which declares all conveyances made to defraud creditors ‘ ‘utterly void and of no effect, ’ ’ was held void only as to creditors and subseque'nt purchasers, as expressing the real intention of the legislature, notwithstanding the generality of the language employed.
The construction given by the' court to the general language of section 7, in Baker v. Beckwith, applies with equal, if not greater, propriety to the language above quoted in section 10; and it should receive the same construction, because in evident *262 accord with the legislative intention. Counsel, however, seem, to think that in Justice v. Lowe, this court held differently, and quote this language from the opinion of White, J. “The difference between the sections in respect to forfeiture is that under section 7 the use of the premises by the tenant for the unlawful sale of intoxicating liquors renders the lease void at the election of the lessor, but where the lease is made for the purpose of having the premises so used and the purpose is afterward accomplished by the tenant, the lease, under section 10, becomes void as to both parties.” But it must be observed that the words “soused” refer to the language in the quotation, “for the unlawful sale of intoxicating liquors,” and it is such a lease that he says becomes void as to both parties, when the purpose is afterwards accomplished by the tenant. But, as before stated, the petition in this case does not show that the premises were leased for the purpose of making unlawful sales, or that such sales were made. The leasing of premises for the sale of intoxicating liquors does not necessarily imply that they will be used for the making of unlawful sales. It did not so imply before, and does much less since the adoption of the Dow law; which now permits sales of liquor to be drank on the premises where sold. The prohibition of such sales became, in a measure, obsolete from the difficulty of enforcing it, and was abandoned for the more efficient method of regulation by taxation, and the prohibition of sales to persons who are drunk or in the habit of getting drunk, and to minors.
It is also claimed that the decision in Mullen v. Peck, 49 Ohio St., 447, is decisive of this case. We think not. The cases are quite different in *263 character. This is a case for the recovery of rent on a lease for the lawful sale of intoxicating liquors, so far as the petition shows. The case referred to was a suit brought against the owner of property under the first clause in section 4364, Revised Statutes, to charge it with the damages that had been recovered against the lessee for unlawful sales made to the husband of the plaintiff. The owner knew of the use to which the property was put, but did not know of the unlawful sales, and had not leased it for such purpose. The lease in fact stipulated that it should not be used for such purpose. The court held that under the first clause of the section the action could be maintained on these facts. The holding being that the owner knowing that his property is being used for the sale of intoxicating liquors, whether leased for such purpose or not, he becomes liable for all damages that may be recovered for unlawful sales; the. construction being that one who permits his property to be used for the traffic in intoxicating liquors, must see to it that the traffic is lawfully conducted. This is the law of the case as expressed in the syllabus, and not questioned nor intended to be modified. The clause there in question was rightly construed to be as broad as its literal sense.

Judgment reversed and cause remanded for further proceedings.