Parker, J.
The petition in error in this case was filed to reverse the judgment of the court of common pleas of this county, in a case brought by Lucie Bennett in said court under the statute commonly called the “Adair law” — and especially section 4357, Revised Statutes — against Charles Kolling and Thomas Hammond, on account of intoxicating liquors having been sold, as she charges, by Charles Kolling to the plaintiff’s husband, It is charged that Thomas Hammon was the owner of the premises where intoxicating liquors were sold. Such proceedings were' had as that Thomas Hammon was dropped out of the case before the .plaintiff took judgment. The jury returned a verdict in favor of the plaintiff against Charles Kolling, for $150.00. A motion for a new trial was made, based upon various grounds, and was overruled by the court, and jugment was entered upon the verdict.
The plaintiff in error complains: First: That the petition is insufficient, because it does not aver facts showing that the wife, who had caused the notice to be served as provided by section 4358, Revised Statutes, was liable to injury through the intoxication to her husband, at the time the notice was served. And in support of the contention that this is required, counsel for plaintiff in error cites us to the case of Pegram v. Stort, 31 W. Va. Rep., 22. A part of the syllabus in that case is as follows:
“Under this act it was also essential to sustain an action, that, when such person was so served with notice, the husband named in the notice was in the habit of drinking to intoxication. ”
The'act referred to contains the following provisions:
*427 “* * * Upon due proof that such liquors were sold or furnished as aforesaid, and that the person mentioned in said notice was, at the time of the service thereof, in the habit of drinking to intoxication, an action may be maintained, etc.”
We find no such provision in Revised Statutes, section 4838 Under our statute one may serve the notice in anticipation of the habit of drunkenness being formed, or a debauch being indulged in, and as a means of prevention thereof and of the consequent damages, and the notice, given personally or by filing, is a full and complete safeguard of the seller. He has no right to complain or to ignore it because the person against whom he is warned is not at the time intoxicated or in the habit of getting intoxicated. Public policy, having in view the wrong and inconvenience to the person named in the notice, might well dictate a provision for his protection to the effect that notice should not be given not to sell to him unless he were a person addicted to drunkenness; but the law seems to have left him to the ordinary remedies of persons who may have been defamed.
The seller of intoxicating liquor however, has no right infringed by the giving of such notice, even if it be premature, or causeless; certainly he has no vested righl to sell to a particular person that is thereby impaired. So long as the law receives the construction put upon it in the cases of Baker v. Beckwith, 29 Ohio St., 314; Sibila v. Bahney, 34 Ohio St., 399, and Russell v. Tippin, 12 C. C., 52. he is fully protected by the notice and by the provision that the sales must be to a person at the time in the habit of getting •intoxicated, or at the time intoxicated, of which condition or habit the seller must have knowledge, or that the sale must be otherwise unlawful. In other words, he is not made liable to respond in damages under the statutes of Ohio, unless in making the sales complained of he shall have committed a crime which involves moral .turpitude, against the commission of which crime and wrong he has been for- *428 warned by the person liable to be damaged thereby. The statute treats the seller of intoxicating liquors with especial and peculiar tenderness in thus providing that he may not be required to respond in damages for results to others flowing from crimes by him wilfully committed, unless the person suffering because of his wrong shall have first said to him, in effect “If you commit this offense against the criminal laws of the state, and I am injured in person, property or means of support in consequence thereof, I will endeavor to require you to compensate me for the injury.” To add to this statute the further qualification that this warning shall have no efficacy unles the person as to whom the warning is given shall be intoxicated, or in the habit of becoming intoxicated at the time the warning is given, is not warranted by any fair rule of construction, and is not required by any reasonable consideration of the rights and interests of the liquor seller, the person likely to be injured by his unlawful sales, or the public. Whether, since the amendment of February 17,1875,(72 O. L., 35) carried into Revised Statutes,sections 4357 & 4358, somewhat modifying the provision considered by the supreme court in Baker v. Beckwith, and Sibila v. Bahney, supra, and adding the previsions as to notice now found in section 4358, the statute should still be construed to require that the sake must be in violation of the penal laws on the subject to render the seller liable for damages in a civil action under this statute, as held by this court in Russell v. Tippin, supra, I am inclined to doubt; but that question is not necessarily involved here, and has not been .considered by the whole court However that may be, we all agree that the notice is effectual though served before the person proscribed shall have become intoxicated or contracted a habit of intoxication.
Second: It is also contended that the allegations and proof do not bring the sales complained of within the provisions of Revised Statutes, section 6943, i. e., that while the petition avers that sales were made to a person at the time in the habit of getting intoxicated, and that the defendant then Knew of this habit, the evidence does not sustain the allegations; and that while the evidence tends to prove that the person to whom the sales were made was at the time intoxicated, and that the defendant then knew of his condition of intoxication, the petition does not contain: *429 averments authorizing evidence of such a state of facts, or a recovery therefor.
As no objection was made to the petition in the court below, by demurrer or otherwise, and the evidence went to the jury without objection that it did not tend to support the averments of the petition, or that it tended to establish a case somewhat at variance from that stated in the petition, it is not apparent that the trial judge would have erred had he submitted to the jury the case clearly made out by the evidence, though not distinctly set forth in the petition, i. e., a case based upon sales made to plaintiff’s husband while he was intoxicated, the seller (defendant) at the time knowing that he was intoxicated. It is not apparent that the case proved was so far variant from that alleged that plaintiff could have been misled to his prejudice in making his defense, since the habit of intoxication which it was averred the husband had, and of which it was averred plaintiff in error had knowledge when he made the sales complained of, necessarily involved either a protracted debauch, or more or less frequent sprees, and, not unnaturally, sales while in a condition of intoxication.
Neither did the plaintiff in error claim or attempt to make it appear when the evidence was adduced, that he would or might be prejudiced thereby. (See Revised Statutes, section 6294).
On the other hand, perhaps the greater part if not all of the evidence, was admissible under the charge of selling to one in the habit of becoming intoxicated, so that no argument should be drawn from the failure of plaintiff in error to object to its introduction. At all events, no other case was submitted to the jury than that distinctly alleged in the petition, i. e., based upon the charge of selling to a person in the habit of becoming intoxicated, which was clearly favorable to the plaintiff in error.
From what has been said it will be seen that if the judg *430 ment rested solely upon evidence of sales to the husband while in a state of intoxication, we are not clear that it should be reversed, notwithstanding the lack of distinct averments in the petition of such sales,and notwithstanding the limitation upon the right of recovery fixed by the charge of the court.
If the evidence made a case provable under the petition without material variance, the verdict and judgment should stand, though not in harmony with the charge of the court.
But, without farther remark upon this phase of the case, we proceed to examine whether the verdict and judgment are sustained by the evidence, treating the right of the defendant in error to recover as being limited by the petition to sales made to a person in the habit of becoming intoxicated.
No evidence was adduced other than that on behalf of defendant in error. From this evidence it appears clearly that for some time before August 2, 1897, the husband (who was a salesman and purchasing agent at the Lion Store), was in the habit of becoming intoxicated quite frequently and to a high (or low) degree, and that this was continued after August 2,1897, until the latter part of August or early in September of that year, when he indulged in a protracted spree and was discharged from said employment in consequence of his dissipation. That he was in the habit of becoming intoxicated, and that sales made by plaintiff in error on or about August 2nd, contributed to his intoxication, is not seriously controverted. But it is urged that the evidence does not show that plaintiff in error then knew that Bennett was in the habit of becoming intoxicated. The testimony, including that of plaintiff in error, (who was called and examined by defendant in error), shows that plaintiff in error had been well enough acquainted with Bennett for at least a year before August 2, 1897, so that he knew his name and knew him by sight,and plain *431 tiff in error admits that on at least one occasion he saw Bennett in a state of intoxication. It also appears from the testimony of Mrs. Bennett that.shehad called at the saloon of plaintiff in error for her husband on two occasions prior to August 2, 1897, and that on one of those occasions she had distinctly requested plaintiff in error to not sell her husband any more liquor, because of the trouble thereby caused at home, and that on that occasion plaintiff in error said to her that he had known Bennett a long time. It is true that Bennett was a person who did not stagger when drunk, and his condition does not appear to have been made manifest to the casual observer by any striking or unusual behaviour on his part, yet Mrs. Bennett says that it was distinctly apparent in the paleness of his countenance and the glassiness of his eyes. The jury might fairly assume that one who, like plaintiff in error, had known Bennett a long time, and who must have been more or less expert in detecting signs of intoxication, must have discovered a habit and condition that seems to have been apparent to those who came in contact with Bennett in the store where he worked, and elsewhere,
It is fairly established that on the evening of August 2, 1897, Bennett spent the entire evening until about 11:30 at the saloon of plaintiff in error — that he drank enough before he went there to make an ordinary man drunk — that he kept up his drinking there throughout the evening, drinking beer and other intoxicants perhaps ten or a dozen times, the plaintiff in error selling and furnishing the same personally, and that he left the place in a woeful state of intoxication.
In view of all these facts, we think the jury was warranted in finding that the plaintiff in error knew of Bennett’s habit of intoxication.
Though an unlawful selling must be established, yet a *432 preponderance of the evidence is sufficient in a civil action-under the statute founded on such unlawful sale.
On all other points the verdict is fairly supported by the evidence.
Third: It is also contended that the damages awarded —$150—-are excessive; that the husband appeared to have-expended with plaintiff in error but a trifling amount of that which should have been devoted to the support of hie wife, and that such amount should measure her pecuniary loss, and her recovery. As has been said, Rennett appears to have lost his position because of his protracted debauch, of which the spree of August 2, 1897, was a part. This position brought him $20 per week. For some time after this he was not able to obtain employment, and his wife was-obliged to go out to service, and the little she could earn, together with what they raised by pawning her wedding ring and other jewelry and trinkets and articles of clothing,, served to support them until he obtained employment at St, Louis, Missouri; but there he could obtain but $12.50 per week.
It is well settled in Ohio that one who by unlawful sales contributes in ever so slight a degree to produce or increase the drunkenness from which damages flow, may be required to respond in the whole amount of such damages. If we leave out of consideration here every element of damage except the bare pecuniary loss directly attributable to the drunkenness to which the sales made by plaintiff in er-. ror contributed, it cannot be said that the damages are excessive.
If other losses and suffering of the wife which might have been taken into consideration by the jury and which the jury would have been justified in allowing,are to be added, by the most moderate estimate, it becomes apparent that the verdict is remarkably light. We cannot disturb it on the ground that it is excessive; and, finding no error in the *433 record prejudicial to the plaintiff in error, the judgment is affirmed.
Pilliod & Tyler, for Plaintiff in Error.
R. S. Holbrook, for Defendant in Error.
Reasonable cause will be certified. Judgment against plaintiff in error for costs of proceedings in error.