Kolling v. Bennett.

## INTOXICATING LIQUORS—VERDICT—EVIDENCE—DAMAGES.

[Lucas Circuit Court, January 30, 1899.]

King, Haynes and Parker, JJ.

### CHARLES KOLLING V. LUCIE BENNETT.

1. SERVICE OF NOTICE UNDER SEC. 4358, REV. STAT.

Under the provisions of sec. 4358, Rev. Stat., the notice may be served in anticipation of the habit of drunkenness being formed, or a debauch being indulged in, and as a means of prevention thereof, and of the consequent damages. It is not necessary that the person serving the notice be liable to injury from drunkenness at the time the notice is served.

2. SCOPE AND EFFECT OF SUCH NOTICE.

Such notice is a full and competent safe-guard of the seller. He has no right to complain, or to ignore it, because the person against whom he is warned is not at the time intoxicated, or in the habit of getting intoxicated. The seller has no right infringed by the giving of such notice; no vested right to sell to a particular person is thereby impaired.

3. SELLER NOT LIABLE UNLESS HE SHALL HAVE COMMITTED A CRIME INVOLVING MORAL TURPITUDE.

Under the statutes of Ohio the seller is not liable unless he shall have committed a crime involving moral turpitude, against the commission of which crime and wrong he has been forewarned by the person liable to be damaged thereby.

4. VERDICT, THOUGH NOT IN HARMONY WITH THE CHARGE OF THE COURT SHOULD STAND.

Whether, since the amendment of February 17, 1875, 72 O. L., 35, carried into the Revised Statutes, secs. 4357, 4358, it should be held as formerly that where, in such action the evidence made a case provable under the petition without material variance, and the jury returned a verdict for plaintiff, it should stand, though not in harmony with the charge of the court, *quære?*

5. PREPONDERANCE OF EVIDENCE IS SUFFICIENT TO PROVE AN UNLAWFUL SALE.

In a civil action under the statute, founded on an unlawful sale of liquor, a preponderance of evidence is sufficient to prove an unlawful sale.

6. MEASURE OF DAMAGES FOR UNLAWFULLY SELLING LIQUOR AFTER SERVICE OF NOTICE AS PROVIDED FOR IN SEC. 4358, REV. STAT.

The amount which the defendant received from the husband for liquors sold to him which otherwise might have been devoted to the support of his wife, is not the measure of damages in an action by her for unlawfully selling liquor to the husband, where it is shown such drunkenness caused the loss of the husband's position. One who by unlawful sale contributes in ever so slight a degree to produce or increase the drunkenness from which damages flow, may be required to respond in the whole amount of such damage.

ERROR to the Court of Common Pleas of Lucas county.

PARKER, J.

The petition in error in this case is to reverse the judgment of the court of common pleas, in a case brought by Lucie Bennett in said court under the statute commonly called the "Adair law"—and especially sec. 4357, Rev. Stat.—against Charles Kolling and Thomas Hammond, on account of intoxicating liquors having been sold, as plaintiff charges, by Charles Kolling to her husband. It is charged that Thomas Hammond was the owner of the premises where intoxicating liquors were sold. Such proceedings were had that Thomas Hammond was dropped out of the case before the plaintiff took judgment. The jury returned a verdict in favor of the plaintiff against Charles Kolling for $150. A motion for

a new trial was made, based upon various grounds, and was overruled by the court and judgment was entered upon the verdict.

The plaintiff in error complains: First—That the petition is insufficient because it does not aver facts showing that the wife, who had caused the notice to be served as provided by sec. 4358, Rev. Stat., was liable to injury through the intoxication of her husband at the time the notice was served. And in support of the contention that this is required, counsel for plaintiff in error cites us to the case of Pegram v. Stortz, 31 W. Va. Rep., 220. The 7th proposition of the syllabus in the case is as follows:

"Under this act it was also essential, to sustain an action, that, when such person was so served with notice the husband named in the notice was in the habit of drinking to intoxication."

In the act referred to we find this provision:

"* * * Upon due proof that such liquors were sold or furnished as aforesaid, and that the person mentioned in said notice was, at the time of the service thereof, in the habit of drinking to intoxication, an action may be maintained," etc.

We find no such provision in sec. 4358, Rev. Stat., of Ohio. Under our statute one may serve the notice in anticipation of the habit of drunkenness being formed or a debauch being indulged in, and as a means of prevention thereof, and of the consequent damages, and the notice, by person or by filing, is a full and complete safeguard of the seller. He has no right to complain or to ignore it because the person against whom he is warned is not at the time intoxicated or in the habit of getting intoxicated. Public policy, having in view the wrong and inconvenience to the person named in the notice, might well dictate a provision for *his* protection to the effect that notice should not be given not to sell to him, unless he were a person addicted to drunkenness; but the law seems to have left him to the ordinary remedies of persons who may have been defamed.

The seller of intoxicating liquor, however, has no right infringed by the giving of such notice, even if it be premature or causeless; certainly he has no vested right to sell to a particular person which is thereby impaired. So long as the law receives the construction put upon it in the cases of Bader v. Beckwith, 29 Ohio St., 314; Sibila v. Bahney, 34 Ohio St., 399, and Russell v. Tippin, 5 Circ. Dec., 433, he is fully protected by the notice and by the provision that the sales must be to a person at the time in the habit of getting intoxicated, or at the time intoxicated, of which condition or habit the seller must have knowledge, or that the sale must be otherwise unlawful. In other words, he is not made liable to respond in damages under the statutes of Ohio, unless in making the sales complained of he shall have committed a crime which involves moral turpitude, against the commission of which crime and wrong he has been forewarned by the person liable to be damaged thereby. The statute treats the seller of intoxicating liquors with especial and peculiar tenderness in thus providing that he may not be required to respond in damages for results to others flowing from crimes by him wilfully committed, unless the person suffering because of his wrong shall have first said to him, in effect: "If you commit this offense against the criminal laws of the state, and I am injured in person, property or means of support in consequence thereof, I will endeavor to require you to compensate me for the injury." To add to this statute the further qualification that this warning shall have no efficacy unless the person as to whom the warning is given shall be intoxicated or in

Kolling v. Bennett.

the habit of becoming intoxicated, at the time the warning is given, is not warranted by any fair rule of construction, and is not required by any reasonable consideration of the rights and interests of the liquor seller, the person likely to be injured by his unlawful sales or the public.

Whether since the amendment of February 17, 1875, 72 O. L., 35, carried into Revised Statutes, secs. 4357 and 4358, somewhat modifying the provisions considered by the Supreme Court in Baker v. Beckwith and Sibila v. Bahney, *supra*, and adding the provisions as to notice now found in sec. 4358, the statute should still be construed to require that the sales must be in violation of the penal laws on this subject, to render the seller liable for damages in a civil action under this statute, as held by this court in Russell v. Tippin, *supra*, I am inclined to doubt, but that question is not necessarily involved here, and has not been considered by the whole court. However, that may be we all agree that the notice is effectual though served before the person proscribed shall have become intoxicated or contracted a habit of intoxication.

Second—It is also contended that the allegations and proof do not bring the sales complained of within the provisions of sec. 6943, Rev. Stat., *i. e.*, that while the petition avers that sales were made to a person at the time in the habit of getting intoxicated, and that the defendant then knew of this habit, the evidence does not sustain these allegations; and that while the evidence tends to prove that the person to whom the sales were made was at the time intoxicated, and that the defendant then knew of his condition of intoxication, the petition does not contain averments authorizing evidence of such a state of facts, or a recovery therefor.

As no objection was made to the petition in the court below, by demurrer or otherwise, and the evidence went to the jury without objection that it did not tend to support the averments of the petition, or that it tended to establish a case somewhat at variance from that stated in the petition, it is not apparent that the trial judge would have erred had he submitted to the jury the case clearly made out by the evidence, though not distinctly set forth in the petition, *i. e.*, a case based upon sales made to plaintiff's husband while he was intoxicated, the seller (defendant) at the time knowing that he was intoxicated. It is not apparent that the case proved was so far variant from that alleged that plaintiff in error could have been misled to his prejudice in making his defense, since the *habit* of intoxication which it was averred the husband had, and of which it was averred plaintiff in error had knowledge when he made the sales complained of, necessarily involved either a protracted debauch or more or less frequent sprees, and, not unnaturally, sales while in a condition of intoxication.

Neither did the plaintiff in error claim or attempt to make it appear when the evidence was adduced that he would or might be prejudiced thereby. (See sec. 5294, Rev. Stat.)

On the other hand, perhaps the greater part if not all of the evidence was admissible under the charge of selling to one in the habit of becoming intoxicated, so that no argument should be drawn from the failure of plaintiff in error to object to its introduction. At all events no other case was submitted to the jury than that distinctly alleged in the petition, *i. e.*, based upon the charge of selling to a person in the habit of becoming intoxicated, which was clearly favorable to the plaintiff in error.

From what has been said it will be seen that if the judgment rested solely upon evidence of sales to the husband while in a state of intoxica-

tion, we are not clear that it should be reversed, notwithstanding the lack of distinct averments in the petition of such sales, and notwithstanding the limitation upon the right of recovery fixed by the charge of the court.

If the evidence made a case provable under the petition without material variance, the verdict and judgment should stand, though not in harmony with the charge of the court.

But, without further remark upon this phase of the case, we proceed to examine whether the verdict and judgment are sustained by the evidence, treating the right of the defendant in error to recover as being limited by the petition to sales made to a person in the habit of becoming intoxicated.

No evidence was adduced other than that on behalf of defendant in error. From this evidence it appears clearly that for some time before August 2, 1897, the husband (who was a salesman and purchasing agent at the Lion store) was in the habit of becoming intoxicated quite frequently and to a high (or low) degree, and that this was continued after August 2, 1897, until the latter part of August or early in September of that year, when he indulged in a protracted spree and was discharged from said employment in consequence of his dissipation. That he was in the habit of becoming intoxicated, and that sales made by plaintiff in error on or about August 2 contributed to his intoxication is not seriously controverted. But it is urged that the evidence does not show that plaintiff in error then knew that Bennett was in the habit of becoming intoxicated. The testimony, including that of plaintiff in error (who was called and examined by defendant in error), shows that plaintiff in error had been well enough acquainted with Bennett for at least a year before August 2, 1897, so that he knew his name and knew him by sight, and plaintiff in error admits that on at least one occasion he saw Bennett in a state of intoxication. It also appears from the testimony of Mrs. Bennett that she had called at the saloon of plaintiff in error for her husband on two occasions prior to August 2, 1897, and that on one of those occasions she had distinctly requested plaintiff in error to not sell her husband any more liquor, because of the trouble thereby caused at home, and that on that occasion plaintiff in error said to her that he had known Bennett a long time. It is true that Bennett was a person who did not stagger when drunk, and his condition does not appear to have been made manifest to the casual observer by any striking or unusual behavior on his part; yet Mrs. Bennett says that it was distinctly apparent in the paleness of his countenence and the glassiness of his eyes. The jury might fairly assume that one who, like the plaintiff in error, had known Bennett a long time, and who must have been more or less expert in detecting signs of intoxication, must have discovered a habit and condition that seems to have been apparent to those who came in contact with Bennett in the store where he worked, and elsewhere.

It is fairly established that on the evening of August 2, 1897, Bennett spent the entire evening until about half past eleven, at the saloon of plaintiff in error—that he drank enough before he went there to make an ordinary man drunk—that he kept up his drinking there throughout the evening, drinking beer and other intoxicants perhaps ten or a dozen times, the plaintiff in error selling and furnishing the same personally, and that he left the place in a woful state of intoxication.

In view of all these facts, we think the jury was warranted in finding that the plaintiff in error knew of Bennett's habit of intoxication.

Kolling v. Bennett.

Though an unlawful selling must be established, yet a preponderance of the evidence is sufficient in a civil action under the statute.

On all other points the verdict is fairly supported by the evidence.

Third—It is also contended that the damages awarded, $150, are excessive; that the husband appeared to have expended with plaintiff in error but a trifling amount of that which should have been devoted to the support of his wife, and that such amount should measure her pecuniary loss and her recovery. As has been said, Bennett appears to have lost his position because of his protracted debauch, of which the spree of August 2, 1897, was a part. This position brought him $20 per week. For some time after this he was not able to obtain employment, and his wife was obliged to go out to service, and the little she could earn, together with what they raised by pawning her wedding ring and other jewelry and trinkets and articles of clothing, served to support them until he obtained employment at St. Louis, Mo.; but there he could obtain but $12.50 per week.

It is well settled in Ohio that one who by unlawful sales contributes in ever so slight a degree to produce or increase the drunkenness from which damages flow may be required to respond in the whole amount of such damages. If we leave out of consideration here every element of damage except the bare pecuniary loss directly attributable to the drunkenness to which the sales made by plaintiff in error contributed, it cannot be said that the damages are excessive. ·

If other losses and suffering of the wife which might have been taken into consideration by the jury, and the exemplary damages which the jury would have been justified in allowing, are to be added by the most moderate estimate, it becomes apparent that the verdict is remarkably light. We cannot disturb it on the ground that it is excessive; and, finding no error in the record prejudicial to the plaintiff in error, the judgment is affirmed.

Reasonable cause will be certified. Judgment against plaintiff in error for costs of proceedings in error.

*Pilliod & Tyler*, for plaintiff in error.

*R. S. Holbrook*, for defendant in error.